IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. FREELAND,

    Plaintiff,                    No. CIV S-06-0187 LKK DAD P

    vs.

SACRAMENTO CITY POLICE
DEPARTMENT, et al.,

    Defendants.         ORDER

_____/

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

    Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request for leave to proceed in forma pauperis will be granted.

    Plaintiff is required by statute to pay the $250.00 filing fee in installments when funds are available.[1] See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of

---

[1] The filing fee is now $350.00. The present action was filed prior to April 10, 2006, the effective date of the new filing fee amount.

1

$1.63 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently confined in a state prison in Kern County. He alleges claims arising from his arrest and confinement in Sacramento County in 2005. Plaintiff identifies the defendants as the Sacramento City Police Department, Sacramento Police Officer Does 1-4, the Chief of Police, the City of Sacramento, the County of Sacramento, the Sacramento Sheriff's Department, the Sacramento County Sheriff, Sacramento Sheriff's Deputy Does 1-10, the Sacramento County Main Jail, the Rio Cosumnes Correctional Center, the Chief Medical Officer, Nurse/MTA Does 1-10, Doctor Does 1-2, and California Department of Corrections Parole Officer Does 1-2.

District courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such an entity. See 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

1  Franklin, 745 F.2d at 1227.  Pro se pleadings are held to a less stringent standard than those
2  drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).
3        A claim should not be dismissed for failure to state a claim upon which relief may
4  be granted unless it appears beyond doubt that plaintiff can prove no set of facts that would
5  entitle him to relief on that claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.
6  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
7  complaint under this standard, the court must accept as true the allegations of the complaint.  See
8  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also
9  construe the pleading in the light most favorable to the plaintiff and resolve doubts in the
10 plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
11       Plaintiff's complaint, liberally construed appears to state cognizable claims for
12 relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  However, the defendants
13 identified by fictitious names cannot be served with process.  If plaintiff discovers the name of
14 any such defendant, he must promptly seek leave to amend his complaint to name the defendant.
15 At this time, the court will authorize of the complaint on the City of Sacramento, the County of
16 Sacramento, Sacramento City Police Chief Albert Najera, Sacramento County Sheriff Lou
17 Blanas, and the Chief Medical Officer of the Sacramento County Main Jail.  If the allegations of
18 the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this
19 action.
20       In accordance with the above, IT IS HEREBY ORDERED that:
21       1. Plaintiff's January 27, 2006 application to proceed in forma pauperis is
22 granted.
23       2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
24 Plaintiff is assessed an initial partial filing fee of $1.63.  All fees shall be collected and paid in
25 accordance with this court's order to the Director of the California Department of Corrections
26 and Rehabilitation filed concurrently herewith.

3. Service is appropriate for defendants City of Sacramento, County of Sacramento, Sacramento City Police Chief Albert Najera, Sacramento County Sheriff Lou Blanas, and the Chief Medical Officer of the Sacramento County Main Jail.

4. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed January 27, 2006.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Six copies of the endorsed complaint filed January 27, 2006.

6. Plaintiff shall not attempt service of a complaint and summons on any defendant or request a waiver of service of summons. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: April 25, 2006.

                                                  */s/ Dale A. Drozd*
                                                  DALE A. DROZD
                                                  UNITED STATES MAGISTRATE JUDGE

DAD:13
free0187.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. FREELAND,

      Plaintiff,                    No. CIV S-06-0187 LKK DAD P

     vs.

SACRAMENTO CITY POLICE
DEPARTMENT, et al.,              NOTICE OF SUBMISSION

      Defendants.            OF DOCUMENTS
_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

       _____    <u>one</u> completed summons form;

       _____    <u>five</u> completed USM-285 forms; and

       _____    <u>six</u> true and exact copies of the complaint filed January 27, 2006.

DATED: _____.

                                                          Plaintiff