IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. FREELAND,

        Plaintiff,                       No. CIV S-06-0187 LKK DAD P

    vs.

SACRAMENTO CITY POLICE
DEPARTMENT, et al.,

        Defendants.              ORDER

                             /

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action. By order filed April 26, 2006, the court liberally construed plaintiff's pro se complaint concerning his arrest and confinement in Sacramento County in 2005 and ordered plaintiff to submit the documents required for service of his nine-page pleading on five defendants. On May 15, 2006, plaintiff submitted a 42-page amended complaint listing dozens of defendants. Plaintiff also submitted 55 pages of separately filed exhibits. On August 7, 2006, plaintiff filed a second amended complaint that appears to be identical to the first amended complaint except for the addition of a two-page affidavit to the compilation of exhibits. Plaintiff has also filed a motion for appointment of counsel.

        The Federal Rules of Civil Procedure permit a party to amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

1

Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Id. In accordance with Rule 15, plaintiff's first amended complaint has been filed as a matter of course and supersedes the original complaint in this action. The original complaint will not be served on defendants, and the documents submitted by plaintiff for such service will be discarded.

Having amended his pleading once as a matter of course, plaintiff was not entitled to file a second amended complaint. Plaintiff did not seek leave of court to file such a pleading, and the interests of justice do not require that plaintiff be granted leave to file a second amended complaint solely for the purpose of adding an exhibit. Plaintiff's second amended complaint will be disregarded.

The court is required to screen plaintiff's first amended complaint. See 28 U.S.C. § 1915A(a). The court must dismiss any claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain a short and plain statement of the grounds on which the court's jurisdiction depends, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Each allegation of the pleading "shall be simple,

concise, and direct." Fed. R. Civ. P. 8(e)(1). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to defendants and must allege facts that state the elements of the claims plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity specific acts that defendants engaged in that support his claims. See id.

A claim should not be dismissed for failure to state a claim upon which relief may be granted unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief on that claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory

of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations will not suffice. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff's first amended complaint alleges claims against numerous entities and individuals. The court finds that plaintiff's allegations against the City of Sacramento and the County of Sacramento are vague and conclusory. Plaintiff alleges that the City is responsible for the conduct of its police officers and that the County is responsible for the conduct of its deputies, but plaintiff has not alleged facts showing that the claimed violations of his rights occurred pursuant to official policy. See Canton v. Harris, 489 U.S. 378, 389-90 (1989) (municipal liability permitted under § 1983 only where official policy is the "moving force" behind the constitutional violation); City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) (unconstitutional policy cannot be proved by evidence of a single incident "unless proof of the incident includes proof that it was caused by an existing unconstitutional policy"). See also Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978). Plaintiff's first amended complaint does not state cognizable claims against the City or the County.

The court finds that plaintiff's allegations against the Chief of Police, the Sheriff, and the Chief Medical Officers are also vague and conclusory. Plaintiff alleges that the police chief, the sheriff, and the chief medical officers are responsible for implementing, monitoring, and enforcing policies and procedures regarding the conduct of police officers, deputies, and medical staff, respectively, but he has not alleged facts showing that the claimed violations of his rights occurred because of a policy or procedure implemented by these defendants or because of the defendants' failure to enforce a policy or procedure. Plaintiff's allegations fail to establish a specific causal link between each supervisory defendant and the claimed constitutional

violations. Plaintiff's first amended complaint does not state cognizable claims against these supervisory defendants.

Plaintiff alleges as follows regarding defendant Dr. Tomkiw: the doctor saw plaintiff at the county jail on May 25, 2005, the day after plaintiff's arrest and told him it was too late for stitches to the wound above plaintiff's left eye; the doctor ordered x-rays and told plaintiff he couldn't help him until he saw the x-rays first; the doctor gave plaintiff a lower tier, lower bunk chrono and told plaintiff he would be called back; plaintiff never saw Dr. Tomkiw again; plaintiff's ankle was x-rayed on May 26, 2005.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury of the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104). The defendant's indifference must be substantial, as mere indifference, negligence, or medical malpractice will not support an Eighth Amendment claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Plaintiff's allegations against Dr. Tomkiw do not demonstrate deliberate indifference to plaintiff's serious medical needs and fail to state a cognizable Eighth Amendment claim.

Plaintiff alleges that defendant Travis was his parole agent and defendant Rocco was Travis's supervisor from November 23, 2004, to May 24, 2005. Plaintiff alleges in vague and conclusory terms that he, his family, and his friends were repeatedly harassed and threatened by police department employees and that complaints were made to defendant Rocco. Mere harassment and threats do not violate the Eighth Amendment proscription against cruel and

unusual punishment.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Plaintiff's allegations regarding threats and harassment do not state cognizable claims against plaintiff's parole agent or the agent's supervisor.

Plaintiff's amended complaint appears to state cognizable Eighth or Fourteenth Amendment claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Vu, Villegas, Sanchez, Hansen, Perez, and Renzelman arising from plaintiff's arrest on May 24, 2005.  The allegations of the amended complaint do not appear to state cognizable due process or equal protection claims against these defendants.

Plaintiff's first amended complaint will be served on defendants Vu, Villegas, Sanchez, Hansen, Perez, and Renzelman.  The pleading to be served on these six defendants will be the 42-page first amended complaint filed by plaintiff on May 15, 2006, and docketed as document #9.  Plaintiff's separately lodged exhibits, docketed as document #10, will not be deemed part of the pleading.  Plaintiff is informed that evidentiary material should be retained by plaintiff and either offered into evidence at trial or presented prior to trial in support of a properly submitted motion or in opposition to a motion filed by defendants.

Plaintiff is informed that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court does not find the required exceptional circumstances in this case.  Plaintiff's motion for appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 2, 2006 motion for appointment of counsel (#17) is denied.

/////

2. Plaintiff's August 7, 2006 second amended complaint (#18) has been filed without leave of court and will be disregarded.

3. The Clerk of the Court shall amend the docket to reflect that plaintiff's second amended complaint (#18) is disregarded pursuant to this order.

4. Service of plaintiff's May 15, 2006 first amended complaint (#9) is appropriate for defendants B. Vu, I. Villegas, A. Sanchez, S. Hansen, Parole Agent Perez, and Parole Agent Renzelman.

5. The Clerk of the Court shall send plaintiff six USM-285 forms, one summons, an instruction sheet, and a copy of the first amended complaint filed May 15, 2006.

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 4 above; and

    d. Seven copies of the endorsed first amended complaint filed May 15, 2006.

7. Plaintiff shall not attempt service of process on any defendant or request a waiver of service of summons. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: January 22, 2007.

DAD:13
free0187.1am

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. FREELAND,

      Plaintiff,                  No. CIV S-06-0187 LKK DAD P

    vs.

SACRAMENTO CITY POLICE
DEPARTMENT, et al.,             <u>NOTICE OF SUBMISSION</u>

      Defendants.            <u>OF DOCUMENTS</u>

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____    <u>one</u> completed summons form;

      _____    <u>six</u> completed USM-285 forms; and

      _____    <u>seven</u> true and exact copies of the first amended complaint filed May 15, 2006.

DATED: _____.

                                      _____
                                      Plaintiff