IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. FREELAND,

    Plaintiff,                    No. CIV S-06-0187 LKK DAD P

    vs.

SACRAMENTO CITY POLICE DEPARTMENT, et al.,

    Defendants.               <u>ORDER</u>

/

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

        In his amended complaint, plaintiff alleges that defendants used excessive force while arresting him on May 24, 2005, and subsequently failed to provide him with adequate medical care. (Am. Compl. at 16-26.) Pending before the court are plaintiff's motions to compel, plaintiff's requests to rescind his consent to the magistrate judge's jurisdiction, and plaintiff's request for preliminary injunctive relief.

**PLAINTIFF'S MOTIONS TO COMPEL**

I. <u>Plaintiff's Motions</u>

        Plaintiff has filed three inadequate motions to compel discovery, which defendants have opposed. In his motions, plaintiff does not contest any specific discovery

1

response nor does he indicate or explain in what way he believes defendants' responses to be deficient. Rather, plaintiff summarily argues that virtually all of defendants' responses are inadequate and asks the court to compel defendants to provide further responses.

For example, on March 24, 2008, plaintiff filed his first motion to compel, together with a memorandum of points and authorities and a declaration. Therein plaintiff explains that on December 18, 2007, he served defendants with his first set of interrogatories, requests for production of documents and requests for admission. Plaintiff represents that on February 1, 2008, the defendants responded to the discovery requests. (Pl.'s Mar. 24, 2008 Mot. to Compel at 1.) Dissatisfied with their responses, plaintiff sent defendants several letters, claiming that their discovery responses were inadequate. (Pl.'s Mar. 24, 2008 Decl., Ex. B.) In his motion to compel, plaintiff argues that all of the defendants "failed to fully answer interrogatories 1-20 all of them, the number 1, 8, 9, 11, 12, 13 was all objected to based on confidential matter." (Pl.'s Mar. 24, 2008 Mot. to Compel at 1.) In addition, plaintiff argues that the defendants denied or objected to all of his requests for admissions and denied several of his requests for production of documents claiming that they ask for confidential material. (Id.) Plaintiff contends that defendants' objections to his discovery requests are inappropriate and that the discovery he seeks is relevant. (Pl.'s Mar. 24, 2008 Mem. of P. & A. at 1-2.) As examples of defendants' responses to his discovery requests, plaintiff has submitted to the court copies of defendant Villegas' responses to his interrogatories, defendant Vu's responses to his requests for production of documents, and defendant Sanchez's responses to his requests for admission. (Pl.'s Mar. 24, 2008 Decl., Ex. A.)

On August 25, 2008, plaintiff filed a second motion to compel, together with a memorandum of points and authorities and a declaration. Therein he explains that, on June 6, 2008, he served defendants with a second set of interrogatories, requests for production of documents, and requests for admission. He states that on July 15, 2008, the defendants responded to those discovery requests. (Pl.'s Aug. 25, 2008 Mem. of P. & A. at 2.) Dissatisfied

with these responses, plaintiff sent defendants several letters, claiming that their discovery responses were inadequate. (Pl.'s Aug. 25, 2008 Decl., Ex. A.) In his motion to compel, plaintiff argues that the court should compel defendants Vu, Villegas, Hansen, and Sanchez to "answer fully" interrogatories number 1, 3, 4, 5, and 6-25. Plaintiff argues that the defendants have "shown a constant and consist[ent] abuse of the discovery process by identically answering every request and additionally refusing to answer interrogatories." (Pl.'s Aug. 25, 2008 Mot. to Compel at 1.) In addition, plaintiff argues that the court should compel defendants Vu, Villegas, Hansen, and Sanchez to produce for inspection and copying the documents that are responsive to his requests for production of documents numbers 1-21 and order that the defendants "fully answer" his requests for admission numbers 1-52 and 54-65. (Id. at 1-2.) Plaintiff contends that defendants' objections to his discovery requests are frivolous and that all of the documents he is seeking are highly relevant. (Pl.'s Aug. 25, 2008 Mem. of P. & A. at 3-4.) Plaintiff has submitted to the court copies of defendants Vu, Villegas, Hansen, and Sanchez's responses to his second set of interrogatories, requests for production of documents, and requests for admission. (Pl.'s Aug. 25, 2008 Decl., Exs. B-D.)

Finally, on September 2, 2008, plaintiff filed his third motion to compel, together with a memorandum of points and authorities and a declaration. Therein he explains that, on June 6, 2008, he served defendants Renzelman and Perez with a second set of interrogatories, requests for production of documents, and requests for admission. (Pl.'s Sept. 2, 2008 Decl. at 1.) Plaintiff states that on July 18, 2008, the defendants requested a nunc pro tunc extension of time until August 17, 2008 to respond to plaintiff's discovery requests, which the court granted. In his motion to compel, plaintiff argues that he still has not received defendants' responses to his second set of requests for production of documents. (Pl.'s Sept. 2, 2008 Mot. to Compel at 2.) In addition, he argues that defendants' responses to his second set of interrogatories and requests for admission are evasive and do not fully respond to his questions. (Id. at 1-2; Pl.'s Sept. 2, 2008 Mem. of P. & A. at 2-6.) Plaintiff has submitted to the court copies of defendants

Renzelman and Perez's responses to his second set of interrogatories and requests for admission. (Pl.'s Sept. 2, 2008 Decl., Exs. B & C.)

II. Discussion

As noted above, plaintiff's motions to compel are inadequate. The court does not hold litigants proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff has the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

Here, plaintiff has provided no specific arguments in support of his motions to compel and is essentially asking the court to make his arguments for him. The court will not review each of plaintiff's discovery requests and each of defendants' responses thereto in order to determine whether any of the defendants' responses are somehow deficient. Plaintiff has the burden of describing why a defendant's particular response is inadequate. He may not generally argue that all of defendants' responses are incomplete.[1] See, e.g., Williams v. Flint, No. CIV S-

---

[1] To the extent plaintiff argues that defendants Renzelman and Perez have not responded to his second set of requests for production of documents, his argument appears to have been rendered moot. Defendants have attached to their opposition a copy of their responses to plaintiff's request for production of documents. The responses were timely served on plaintiff as required by the court's order granting them a nunc pro tunc extension of time.

4

06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete.").

In addition, the undersigned has conducted a cursory review of defendants' responses to plaintiff's discovery requests. Defendants' responses do not appear evasive or incomplete as plaintiff argues. For example, plaintiff has attached to his first motion to compel defendant Villegas' responses to plaintiff's first set of interrogatories. Defendant Villegas objected to plaintiff's interrogatories but also, without waiving the objections, provided direct answers to virtually all of plaintiff's inquiries. (Pl.'s Mar. 24, 2008 Decl., Ex. A.) Similarly, plaintiff has attached to his first motion to compel defendant Vu' responses to his first request for production of documents. Defendant Vu objected to many of plaintiff's requests for production of documents but also, without waiving the objections, agreed to produce responsive documents where they existed. See Int'l Union of Petroleum & Indus. Workers, 870 F.2d at 1452 (a party seeking production of documents bears the burden of showing the opposing party has control over them). Moreover, after reviewing plaintiff's requests for production of documents, defendant Vu's objections appear to be well taken. Many of plaintiff's requests are overbroad and unduly burdensome. For example, in Request No. 7, plaintiff seeks "Any and all documents that have the Defendants B. Vu, I. Villegas, S. Hansen and A. Sanchez alleged as respondents in Internal Affairs complaints, state civil tort claims, federal civil rights suits, appeals and/or grievances." (Pl.'s Mar. 24, 2008 Decl., Ex. A.) In this regard, plaintiff's request is neither limited in time or scope nor reasonably calculated to lead to the discovery of admissible evidence. Finally, plaintiff has attached to his first motion to compel defendant Sanchez's responses to his first requests for admission. Again, defendant Sanchez objected to many of plaintiff's requests for admission but then proceeded to admit or deny each such request. (Id., Ex. A.) Although plaintiff may have preferred an admission as opposed to a denial, the court
/////

cannot say based on its cursory review of defendant Sanchez's responses that they were either evasive or incomplete.

In sum, plaintiff's motions to compel are too vague and conclusory for the court to grant him relief at this time. If plaintiff remains dissatisfied with defendants' responses to his discovery requests, he may renew his motions to compel. Plaintiff is strongly cautioned, however, that this court will not entertain a motion that does not clearly state which of plaintiff's discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why defendants' specific responses are inadequate, why the defendants' objections are unjustified, and why the information plaintiff seeks is relevant. Again, plaintiff may not simply argue in conclusory fashion that all of the discovery he seeks is relevant or that all of the defendants' responses are inadequate.

**PLAINTIFF'S REQUESTS TO RESCIND HIS CONSENT**

Plaintiff has filed two requests to rescind his consent to the jurisdiction of the undersigned magistrate judge. Plaintiff explains that he would prefer to have the assigned district judge preside over his jury trial. Since this action has not yet been reassigned to the undersigned, plaintiff may withdraw his consent without demonstrating good cause or extraordinary circumstances. See 28 U.S.C. § 636(c); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances show by any party.'"). Accordingly, in the interests of justice, the court will grant plaintiff's requests to rescind his consent, and his consent to the jurisdiction of the undersigned magistrate judge will be deemed withdrawn.

**PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff has filed a motion for preliminary injunctive relief, claiming that prison officials at High Desert State Prison have failed to provide him with adequate access to the

/////

library. Defendants Vu, Villegas, Hansen, and Sanchez have moved to strike plaintiff's motion, arguing that it contains irrelevant, redundant, immaterial and/or impertinent matters.

The parties are advised that when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Court records indicate that plaintiff is no longer incarcerated at High Desert State Prison. (Pl.'s Nov. 24, 2008 Notice of Change of Address.) Accordingly, plaintiff's motion for preliminary injunctive relief will be denied as moot, and defendants' motion to strike will be denied as unnecessary.

**OTHER MATTERS**

Plaintiff has filed several other requests pending before the court. First, plaintiff has filed a request for leave to propound more than 25 interrogatories on the defendants. Defendants have opposed plaintiff's request, noting that he has already propounded 141 interrogatories, 77 requests for admissions, and 31 requests for production on defendants Villegas, Vu, Sanchez, and Hansen, and 87 interrogatories, 72 requests for admission, and 25 requests for production on defendants Renzelman and Perez. Here, plaintiff has already engaged in extensive discovery and has not demonstrated why additional interrogatories are either necessary or appropriate. See Fed. R. Civ. P. 33(1) ("a party may serve on any other party no more than 25 written interrogatories"). Accordingly, plaintiff's request will be denied.

Second, plaintiff has filed two requests for leave to record depositions by means other than stenographic means. Plaintiff explains that he is indigent and is barely able to provide for his own needs. Rule 30 of the Federal Rules of Civil Procedure provides that:

/////
/////
/////
/////

> The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

Fed. R. Civ. P. 30(b)(3). Accordingly, plaintiff's requests will be denied as unnecessary.[2]

Third, plaintiff has filed two requests for a discovery conference and two requests to appear at court hearings on his motions. At this time, particularly in light of the court's ruling on plaintiff's motions to compel, the court does not find that a discovery conference is warranted. In addition, as stated in this court's February 22, 2007 order, in absence of a court order granting a request to proceed in accordance with Local Rule 78-230 instead of 78-230(m), Local Rule 78-230(m) will govern motions in this case, regardless of plaintiff's custodial status. Here, good cause appearing, Local Rule 78-230(m) will continue to govern motions in these proceedings. Accordingly, plaintiff's requests for a discovery conference and to appear at court hearings on his motions will be denied.

Fourth, plaintiff has filed two requests for free access to the Public Access to Court Electronic Records ("PACER") service while he is pursuing this litigation. According to the PACER service center, "a court may, for good cause, exempt persons or classes of persons from the electronic public access fees, in order to avoid unreasonable burdens and to promote public access to such information." Here, it is not clear why plaintiff needs access to PACER to pursue this litigation. Both the defendants and this court have properly served him with all documents filed in this case free of charge. In addition, it is not clear that plaintiff would accrue more than $10.00 of PACER usage fees. Plaintiff is advised that until a PACER user accrues more than $10.00 worth of charges in a calendar year, no fee is owed. In this regard, if a PACER

---

[2] It is not clear from plaintiff's requests whose deposition he intends to take. However, plaintiff is advised that he will be required to notice the deposition and comply with the other formal requirements of a deposition in accordance with the Federal Rules of Civil Procedure. Plaintiff is further advised that, although no prior court order is required to record a deposition on audio or videotape, plaintiff will still bear the cost of recording the deposition. Fed. R. Civ. P. 30(b)(3). Of course, defendants may elect to have any deposition testimony recorded by a certified shorthand reporter.

8

user does not accrue $10.00 worth of usage fees between January 1 and December 31 each year, his balance will be deleted from PACER records.[3] Accordingly, plaintiff's request for free access to PACER will be denied.

Finally, plaintiff has filed a request for an extension of time to file a reply to any outstanding matters. Plaintiff is advised that no replies are necessary or appropriate at this time. Accordingly, plaintiff's request for an extension of time will be denied as unnecessary.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 24, 2008, August 25, 2008, and September 2, 2008 motions to compel (Doc. Nos. 53, 66 & 71) are denied without prejudice;

2. Plaintiff's September 15, 2008 and October 16, 2008 requests to rescind his consent to the jurisdiction of the magistrate judge (Doc. Nos. 76 & 83) are granted. Plaintiff's May 15, 2006 consent to jurisdiction of the magistrate judge is deemed withdrawn;

3. Plaintiff's October 8, 2008 request for preliminary injunctive relief (Doc. No. 82) is denied as moot;

4. Defendants Vu, Villegas, Hansen, and Sanchez's October 22, 2008 motion to strike (Doc. No. 93) is denied as unnecessary;

5. Plaintiff's October 23, 2008 request for leave to propound more than 25 interrogatories (Doc. No. 95) is denied;

6. Plaintiff's September 2, 2008 and October 16, 2008 requests for leave to record depositions by means other than by stenographic means (Doc. Nos. 69 & 86) are denied as unnecessary;

7. Plaintiff's September 2, 2009 and October 16, 2008 requests for a discovery conference (Doc. Nos. 70 & 84) are denied;

---

[3] See Administrative Office of the U.S. Courts, PACER Service Center, Frequently Asked Questions, http://pacer.psc.uscourts.gov/faq.html.

8. Plaintiff's October 16, 2008 and October 20, 2008 requests to appear for hearings on his motions (Doc. Nos. 88 & 92) are denied;

9. Plaintiff's October 16, 2008 request for free access to the PACER service (Doc. No. 85) is denied; and

10. Plaintiff's January 5, 2009 request for an extension of time to file a reply to any outstanding matters (Doc. No. 110) is denied as unnecessary.

DATED: March 3, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
free0187.mtc(2)