1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES T. FREELAND,

11             Plaintiff,                    No. CIV S-06-0187 LKK DAD P

12        vs.

13   SACRAMENTO CITY POLICE
     DEPARTMENT, et al.,
14
               Defendants.              ORDER
15   _____/

16             Plaintiff, currently confined at the Sacramento County Main Jail, is proceeding

17   pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

18             In his amended complaint, plaintiff alleges that the defendants used excessive

19   force while arresting him on May 24, 2005, and subsequently failed to provide him with adequate

20   medical care.  (Am. Compl. at 16-26.)  Pending before the court is a motion to compel plaintiff's

21   responses to the defendant's second set of requests for production of documents and special

22   interrogatories brought on behalf of defendants Vu, Villegas, Sanchez, and Hansen.  Plaintiff has

23   filed an opposition to the motion to compel and defendants have filed a reply.  Also pending

24   before the court are motions in limine brought on behalf of both parties and defendants' motion

25   to bifurcate issues of liability and damages at trial.

26   /////

                                          1

**DEFENDANTS' MOTION TO COMPEL**

I. Defendants' Motion

Defense counsel argues that on March 5, 2009, the defendants mailed plaintiff a second set of requests for production of documents and special interrogatories. According to the court's discovery order, plaintiff's responses were due to defendants' requests for production and interrogatories on April 22, 2009. Defense counsel argues that plaintiff failed to respond to any of defendants' discovery requests. (Defs.' Mem. of P. & A. at 1; Chapman Decl. & Exs. A & B.)

Defense counsel also argues that plaintiff's failure to respond to defendants' discovery requests should be considered willful. Counsel notes that plaintiff failed to respond to defendants' first set of discovery requests until the court ordered him to do so. Moreover, plaintiff himself has filed numerous discovery motions and is therefore aware of his obligation to respond to defendants' discovery requests. Counsel contends that the court should order plaintiff to respond to defendants' discovery requests and issue sanctions against plaintiff for engaging in discovery misconduct. (Defs.' Mem. of P. & A. at 2.)

II. Plaintiff's Opposition

Plaintiff has filed an opposition to defendants' motion to compel, together with his responses to defendants' discovery requests. Plaintiff argues that he was arrested on February 26, 2009, and incarcerated in DVI State Prison until March 17, 2009. During this time, according to plaintiff, defendants propounded their discovery requests. Plaintiff argues that he was unaware of defendants' discovery requests until he received the instant motion to compel. (Pl.'s Opp'n to Defs.' Mot. to Compel at 1-2; Pl.'s Decl.)

III. Defendants' Reply

In reply, defense counsel argues that the court should grant defendants' motion to compel and order plaintiff to provide complete responses to their discovery requests. First, counsel argues that plaintiff's responses to defendants' discovery requests are ineffective because plaintiff failed to sign those responses. In addition, counsel argues that plaintiff's responses to

1  defendants' requests for production of documents numbers 1 through 9 are evasive and

2  incomplete.  To the extent that plaintiff has attempted to identify documents and explain why he

3  did not produce certain documents, counsel contends that the defendants have been unable to

4  ascertain what documents plaintiff is identifying in his responses.  Defense counsel also argues

5  that plaintiff's response to defendants' special interrogatory number 24 is incomplete.  In that

6  special interrogatory, defendants requested disclosure of the names and contact information for all

7  witnesses known to plaintiff.  According to defense counsel, rather than responding to the

8  interrogatory, plaintiff simply stated that "all documents for witnesses have been provided except

9  Jay Alarcon 509-8816 and Edward Alarcon 604-6152."  Defense counsel argues that this

10 discovery response by plaintiff is incomplete because plaintiff has not identified all of the

11 witnesses he refers to in his discovery response.  Finally, defense counsel reiterates that plaintiff

12 has twice required the defendants to file a motion to compel his discovery responses.  According

13 to defense counsel, plaintiff's misconduct in this regard appears willful.  Defense counsel

14 concludes that the court should compel plaintiff to provide further responses to defendants'

15 discovery requests and impose sanctions against him.  (Defs.' Reply at 1-6.)

16                                                    **ANALYSIS**

17         The parties do not dispute that, on March 5, 2009, the defendants mailed plaintiff a

18 second set of requests for production of documents and special interrogatories.  The parties also

19 do not dispute that, at the time defendants mailed their discovery requests, plaintiff was

20 incarcerated at DVI State Prison and was unaware of the discovery requests until plaintiff

21 received the instant motion to compel.  Plaintiff did not timely respond to defendants' discovery

22 requests.  He did, however, file his responses to defendants' requests with his opposition to their

23 motion to compel.

24         After reviewing plaintiff's responses to defendants' second set of requests for

25 production of documents and special interrogatories, the court finds that plaintiff's responses are

26 inadequate, and the court will order plaintiff to produce further responses.  First, plaintiff has

failed to sign his discovery responses.  Under Rule 26(g)(1) of the Federal Rules of Civil Procedure, a party must sign his responses to a discovery request.  Second, plaintiff's responses to defendants' second set of requests for production of documents numbers 1 through 9 are unclear. For example, in Request for Production No. 1, defendants request:

> Any and all documents that you contend provide support for the contention in the Complaint that Defendants VU, VILLEGAS, HANSEN, and/or SANCHEZ used excessive force against you. Only identify and produce documents that you did not previously identify or produce in response to Defendant's Request for Production of Documents Set No. 1.

In response to defendants' discovery request, plaintiff states: "all documents have been previously provided, only additional documents are the ones found during discovery."  The court is unable to decipher the latter part of plaintiff's response.  In a further response to defendants' request, the court directs plaintiff to clarify his discovery response and identify what "additional documents" he is referring to and produce them if he has not done so already.

In Request for Production No. 2, defendants request:

> Any and all documents that you contend provide support for the contention in the Amended Complaint that Defendants VU, VILLEGAS, HANSEN, and/or SANCHEZ exhibited deliberate indifference to your need for or right to medical care. Only produce documents that you did not previously identify or produce in response to Defendant's Request for Production of Documents Set No. 1.

In response to defendants' request, plaintiff states: "all documents found during discovery are to be used."  Again, the court is unable to decipher plaintiff's response.  In his further response to defendants' request, the court directs plaintiff to clarify his discovery response and identify what documents he believes support his deliberate indifference claim against defendants Vu, Villegas, Hansen, and Sanchez and produce such documents if he has not done so previously.

In Request for Production No. 3, defendants request:

> Any and all documents which depict, memorialize, evidence, describe, or reference the injuries and/or damages alleged in the Amended Complaint.  Only identify and produce documents that

1        you did not previously identify or produce in response to
         Defendant's Request for Production of Documents Set. No. 1.
2

3   In response to defendants' request, plaintiff states "the documents acquired during discovery are

4   to be used." Once more, the court is unable to decipher plaintiff's response to the discovery

5   request. In his further response to defendants' discovery request, the court directs plaintiff to

6   clarify his response and identify what documents relate to his injuries or damages claims against

7   defendants Vu, Villegas, Hansen, and Sanchez and produce such documents if he has not done so

8   already.

9        Plaintiff's responses to defendants' requests for production of documents numbers

10  4 through 9 are similarly unclear. In response to these discovery requests, plaintiff repeats that

11  "all documents are the ones received during discovery" or "every document was acquired during

12  discovery." These responses are indecipherable as well. In his supplemental responses to these

13  remaining discovery requests, the court directs plaintiff to identify and clarify what documents he

14  is referring to in his discovery responses. Moreover, if plaintiff believes that the only documents

15  responsive to defendants' request(s) were previously obtained from the defendants, he should state

16  so clearly and identify the documents in his response.

17       Finally, plaintiff's response to defendants' special interrogatory number 24 is

18  inadequate. In Special Interrogatory No. 24, defendants request that plaintiff:

19          Identify by name, address, telephone number, date of birth, and
            relationship to you if any, each witness to the incident alleged in the
20          Amended Complaint, or any other person you contend has
            knowledge about the allegations in the Amended Complaint,
21          including but not limited to any health care providers or expert
            witnesses.
22

23  In response to this discovery request, plaintiff states: "all documents for witnesses have been

24  provided except Jay Alarcon 509-8816 and Edward Alarcon 604-6152." In a supplemental

25  response to defendants' interrogatory, the court directs plaintiff to identify all persons he believes

26  witnessed the events alleged in his amended complaint or have knowledge of the events alleged in

1   his amended complaint.  Plaintiff must also identify these persons by name, address, telephone

2   number, date of birth, and relationship to him to the extent that he has such information.

3          In sum, after reviewing plaintiff's responses to defendants' second set of requests

4   for production of documents numbers 1 through 9 and defendants' special interrogatory number

5   24, the court finds that further discovery responses from plaintiff are warranted.  The court will

6   order plaintiff to produce further responses to defendants' discovery requests in accordance with

7   this order within thirty days.

8          As to defendants' request for sanctions, under the circumstances of this case, the

9   court finds that the imposition of  sanctions are not warranted at this time.  Plaintiff is a county

10  jail inmate proceeding pro se and in forma pauperis.  Although plaintiff's inability to pay should

11  not be the only reason for the court's denial of monetary sanctions, the court may consider such

12  circumstances in determining whether the imposition of sanctions is appropriate.  Warren v.

13  Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

14                    **THE PARTIES' TRIAL-RELATED MOTIONS**

15         Defendants Vu, Villegas, Sanchez, and Hansen have filed seven motions in limine

16  and a motion to bifurcate the issues of liability and damages at trial.  Plaintiff has also filed a

17  motion in limine.  At this time, these motions are premature.  Defendants Vu, Villegas, Sanchez,

18  and Hansen have filed a motion for summary judgment.  Likewise, defendants Perez and

19  Renzelman have filed a separate motion for summary judgment.  In due course, the court will

20  issue findings and recommendations on these dispositive motions.  If this matter subsequently

21  proceeds to trial, the court will issue a further scheduling order that will require the parties to file

22  pretrial statements.  In their pretrial statements, the parties will be given an opportunity to state

23  whether separate trial of any issues is feasible and advisable.  See Local Rule 16-281(b)(18).  No

24  motions will be necessary.  After reviewing the parties' pretrial statements, the court will issue a

25  pretrial order.  See Local Rule 16-282.  The pretrial order will include  instructions on when the

26  parties should file motions in limine prior to trial .  Typically, the parties are directed to file

1   motions in limine seven days prior to trial.  Accordingly, for the reasons set forth above, the court

2   will deny defendants' motion to bifurcate the trial as unnecessary.  The court will also deny both

3   parties' motions in limine without prejudice to the refiling of such motions after the court issues a

4   pretrial order.

5                                              **CONCLUSION**

6           Accordingly, IT IS HEREBY ORDERED that:

7           1.   Defendants' May 14, 2009 motion to compel (Doc. No. 114) is granted;

8           2.   Within thirty days of the date of service of this order plaintiff shall provide

9   supplemental responses to defendants' second set requests for production of documents numbers

10  1 through 9 and defendants' special interrogatory number 24.  Plaintiff's failure to comply with

11  this order may result in the imposition of sanctions, including dismissal of this action;

12          3.   Defendants' May 14, 2009 and June 19, 2009 requests for imposition of

13  sanctions against plaintiff (Doc. No. 114 & 119) are denied;

14          4.   Defendants' July 16, 2009 motion to bifurcate the issues of liability and

15  damages at trial (Doc. No. 132) is denied as premature and unnecessary;

16          5.   Defendants' July 16, 2009 motions in limine (Doc. Nos. 125-131) are denied

17  without prejudice to the refiling of such motions after the court issues a pretrial order; and

18          6.   Plaintiff's motion in limine filed September 30, 2009 (Doc. No. 166) is denied

19  without prejudice to the refiling of such a motion after the court issues a pretrial order.

20  DATED: October 26, 2009.

21

22  _____

23  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

24  DAD:9
    free0187.mtc(3)

25

26

                                                    7