IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. FREELAND,

    Plaintiff,                     No. CIV S-06-0187 LKK DAD P

    vs.

SACRAMENTO CITY POLICE DEPARTMENT, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

        Plaintiff, formerly confined at the Sacramento County Main Jail, is proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. The matter is before the court on a motion for summary judgment brought on behalf of defendants Vu, Villegas, Sanchez, and Hansen. Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

        In his amended complaint plaintiff has named defendants Vu, Villegas, Hansen, Sanchez, Perez, and Renzelman.[1]  In relevant part, he alleges as follows. On November 23,

---

[1] Defendants Vu, Villegas, Sanchez, and Hansen are Sacramento Police Department officers and are represented by the Sacramento City Attorney's Office. Defendants Perez and Renzelman are parole agents and are represented by the Office of the Attorney General. Counsel on behalf of defendants Perez and Renzelman has also filed a motion for summary judgment, which the court will address in separate findings and recommendations.

1

1  2004, plaintiff began serving his parole term in the Sacramento area.  He remained on active
2  parole until his arrest on May 24, 2005.  On that evening, plaintiff was in front of his mother's
3  house when defendants Vu, Villegas, Hansen, Sanchez, Perez, and Renzelman drove up in
4  unmarked law enforcement vehicles.  Defendant Vu asked plaintiff if he had anything on him.
5  Plaintiff replied "here I'll empty my pockets for you."  According to plaintiff, defendant Vu then
6  grabbed his left wrist and searched him while defendant Hansen grabbed his right arm through a
7  car window.  Defendants Villegas, Perez, and Renzelman then placed plaintiff on the ground in
8  handcuffs face down and retrieved a firearm from him.  They then searched plaintiff again in a
9  progressively violent fashion but found nothing else in his possession.  (Am. Compl. at 16-17.)

10        Plaintiff alleges that the defendants repeatedly attacked him while he lay
11 handcuffed and face down in the street.  They grabbed his ankles and crossed them and then
12 jumped on him from behind.  Plaintiff acknowledges that he does not know which of the
13 defendants attacked him, but he screamed in pain and asked them to stop because he had suffered
14 serious injuries to his face, back, neck, hip, and ankle.  Plaintiff also repeatedly asked the
15 defendants for medical attention.  However, the defendants laughed at him and continued the
16 attacks while giving each other high fives and telling him they would love to kill him.  The
17 defendants also refused to take him to the hospital or call an ambulance and allowed thirty to
18 forty minutes to pass before they transported plaintiff to the Sacramento County Main Jail.  (Am.
19 Compl. at 17-18.)

20        Plaintiff claims that the defendants engaged in the excessive use of force against
21 him, failed to protect him, and refused to provide him with adequate medical care in violation of
22 his constitutional rights.  In terms of relief, plaintiff requests injunctive relief and monetary
23 damages.  (Am. Compl. at 30-41.)
24 /////
25 /////
26 /////

# SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
6  1436 (9th Cir. 1987).
7           In the endeavor to establish the existence of a factual dispute, the opposing party
8  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).
14          In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
17 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
22 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).
26 /////

On February 22, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

**OTHER APPLICABLE LEGAL STANDARDS**[2]

I. Civil Rights Act Pursuant to 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory

---

[2] As the parties recognize, liberally construed, plaintiff's amended complaint states cognizable claims against the defendants for the use of excessive force, failure to protect or failure to intercede, and inadequate medical care. In its initial screening order in this case, the court indicated that the Eighth Amendment and the Fourteenth Amendment governed plaintiff's claims. (Order filed Jan. 23, 2007). For the reasons discussed in the analysis section of these findings and recommendations, the court has determined that, in fact, the Fourth Amendment governs plaintiff's excessive force claims as well as his failure to protect or failure to intercede claims, and the Fourteenth Amendment governs plaintiff's inadequate medical care claims.

allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

II.  Fourteenth Amendment and Adequate Medical Care

The Fourteenth Amendment imposes, at a minimum, the same duty to provide adequate medical care to those incarcerated as imposed by the Eighth Amendment: "'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'"  Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002) (quoting Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996)).  "An official's deliberate indifference to a substantial risk of serious harm to an inmate - including the deprivation of a serious medical need - violates the Eighth Amendment, and a fortiori, the Fourteenth Amendment."  Conn v. City of Reno, __ F.3d __, 2010 WL 48649, at *11 (9th Cir. Jan. 8, 2010).  In this regard, the court may look to decisions involving claims of inadequate medical care applying Eighth Amendment standards.  See Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (employing traditional Eighth Amendment standards to analyze Fourteenth Amendment inadequate medical care claims); Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1121 n.11 (9th Cir. 2003) (finding the deliberate indifference standard to be of use in a substantive due process analysis).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional

7

support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Finally, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

III. Fourth Amendment and Failure to Protect or Failure to Intercede

"Pursuant to a long line of civil cases, police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." United States v. Koon, 34 F.3d 1416, 1447 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). Parole officers have the same duty to intercede in such situations. See, e.g., Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (parole officer was not entitled to qualified immunity in connection with parole search because he either participated in harassing and intimidating plaintiff during the search or failed to intercede to stop the harassment and intimidation of the plaintiff by other officers).

In such cases, "the constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." Koon, 34 F.3d at 1447. In this regard, a law enforcement officer who fails to intercede when his fellow officers deprive a victim of his Fourth Amendment right to be free from an excessive use of force would, like his fellow officers, be liable for depriving the victim of his Fourth Amendment rights. Id.

However, a law enforcement officer may only be held liable for failing to intercede if he had a "realistic opportunity" to do so. See Cunningham, 229 F.3d at 1289-90. For example, if officers are not present at the time of a constitutional violation, they have no realistic opportunity to intercede. Id. at 1290. In addition, if a constitutional violation occurs too

/////

8

quickly, there may no realistic opportunity to intercede to prevent the violation. See, e.g., Knapps v. City of Oakland, 647 F. Supp. 2d 1129, 1159-60 (N.D. Cal. 2009).

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I. <u>Defendants' Statement of Undisputed Facts and Evidence</u>

The defendants' statement of undisputed facts is supported by citations to the declarations of defendants Vu, Villegas, Sanchez, and Hansen signed under penalty of perjury. It is also supported by citations to the transcript of plaintiff's deposition and plaintiff's responses to defendants' requests for admission.

The evidence submitted by the defendants establishes the following. On May 24, 2005, plaintiff was standing in the street with a loaded firearm in his waistband near 1557 Frienza Avenue in the City of Sacramento. At the time, plaintiff was on parole, and carrying a firearm was a violation of the terms of that parole. Defendants Vu, Villegas, Sanchez, and Hansen arrested plaintiff for being a felon in possession of a firearm. During the arrest, plaintiff was taken to the ground so that officers could gain control of him and his firearm. Plaintiff was subsequently transported to the Sacramento County Main Jail. The defendants did not observe that plaintiff had suffered any injury of any significance and did not perceive that plaintiff needed immediate emergency medical attention. They also understood that plaintiff would be medically evaluated at the jail during the booking process. Once at the jail, plaintiff received medical care. For example, a nurse evaluated plaintiff prior to his placement in a detoxification unit. (Defs.' SUDF 1-8 & Exs. A-F.)

II. <u>Defendants' Arguments</u>

Defense counsel argues that under the undisputed facts of this case defendants Vu, Villegas, Sanchez, and Hansen were not deliberately indifferent to plaintiff's medical needs and did not fail to protect him. Defendants have not moved for summary judgment on plaintiff's excessive force claims.

/////

First, defense counsel argues that the defendants were not deliberately indifferent to plaintiff's medical needs. Specifically, counsel argues that plaintiff cannot demonstrate that he had a serious medical need, that any of the defendants acted with deliberate indifference in response to any serious medical need, or that he was harmed by any alleged delay in medical treatment. Counsel contends that the minimum standard for providing medical care under the Fourteenth Amendment for a pretrial detainee is the same as the minimum standard required under the Eighth Amendment with respect to convicted prisoner. Counsel contends that in this case the defendants only observed a superficial laceration to plaintiff's face and did not perceive that plaintiff needed immediate medical care. In addition, counsel contends that, the evidence before the court demonstrates that after plaintiff's arrest he was transported directly to the Sacramento County Main Jail where medical staff evaluated and treated him. Counsel argues that there is no evidence to indicate that any delay between plaintiff's arrest and transport to the jail exacerbated any of plaintiff's alleged injuries. (Defs.' Mot. for Summ. J. at 2, 4-5.)

Counsel also argues that the evidence establishes that the defendants did not fail to protect plaintiff. Specifically, counsel argues that plaintiff has not alleged and cannot demonstrate the elements required to support such a claim because he has not alleged, and cannot demonstrate, that any defendant caused him to be injured by a third party. In counsel's view, plaintiff only accuses defendants of inflicting injuries on him in connection with his arrest and thereafter, denying him medical care. In this regard, counsel contends that plaintiff's failure to protect claim merely re-alleges his excessive use of force and inadequate medical care claims and does not constitute a separate cognizable claim for relief. (Defs.' Mot. for Summ. J. at 2 & 6.)

III. Plaintiff's Opposition

Plaintiff's opposition to defendants' motion for summary judgment is supported by plaintiff's own declaration signed under penalty of perjury, a statement of undisputed facts, and a response to defendants' statement of undisputed facts. It is also supported by numerous exhibits, including witness affidavits, police reports, and excerpts from plaintiff's deposition.

1    Plaintiff argues that the defendants are not entitled to summary judgment because
2 they have not met their burden of establishing that there are no material facts in dispute in this
3 case. Specifically, plaintiff argues that defendants knew he was seriously injured at the time of
4 his arrest based on his appearance and his repeated requests for medical assistance. However, he
5 argues, they refused to summon an ambulance and allowed him to go without medical care for
6 thirty to forty minutes until he arrived at the Sacramento County Main Jail. Plaintiff contends
7 that by failing to provide him with medical assistance for his injuries, the defendants placed him
8 at a substantial risk of serious harm. (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 5-9, Pl.'s SUDF
9 13-14, 17, Pl.'s Decl at ¶¶ 9-10, 13-14, 17.)

10    Plaintiff also argues that some of the defendants failed to protect him and instead
11 watched and celebrated as one or two of the other defendants attacked him while he was tightly
12 handcuffed and face down in the middle of the street. Plaintiff contends that there were several
13 intervals in between the defendants' attacks during which time one of the other defendants
14 clearly had a realistic opportunity to intervene, but they failed act and thereby placed him at a
15 substantial risk of serious harm. (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 4-5, 7, 9-10, Pl.'s
16 SUDF 9-12, Pl.'s Decl at ¶¶ 4-8.)

17 IV.  Defendants' Reply[3]

18    In reply, defense counsel argues that plaintiff has failed to establish the existence
19 of a triable issue of fact with regards to his inadequate medical care claim. Counsel notes that in
20 his opposition plaintiff claims that he was "visibly injured" and sustained "permanent injuries."
21 However, counsel argues that plaintiff has presented no evidence demonstrating that he had a
22 serious medical injury or that he needed immediate medical attention. At most, according to

---

[3] Defense counsel has submitted with defendants' reply, objections to plaintiff's evidence. Insofar as defendants' objections are relevant to the court's analysis, they are overruled at this time. The court finds that it would be an abuse of discretion to refuse to consider evidence offered by a pro se plaintiff at the summary judgment stage. See, e.g., Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (reversing and remanding with instructions to consider evidence offered by the pro se plaintiff in his objections to the findings and recommendations).

1  counsel, plaintiff has demonstrated that he experienced pain or discomfort in his wrists, ankle,
2  and back, and had a laceration on his face.  Counsel contends that plaintiff has not demonstrated,
3  however, that these minor injuries were serious or posed a substantial risk to his health.  In
4  addition, counsel argues that plaintiff has not demonstrated that the defendants were deliberately
5  indifferent to any serious medical need.  According to defense counsel, following his arrest
6  plaintiff was transported to the Sacramento County Main Jail where he claims that he "merely
7  saw an intake nurse" and "the quality of medical care was not appropriate."  Counsel argues that
8  plaintiff's dissatisfaction with the medical care at the jail, however, does not in any way
9  demonstrate that the named defendants denied him medical care.  Nor has plaintiff alleged any
10 injury from the alleged thirty to forty minutes that passed between his arrest and arrival at the
11 jail. (Defs.' Reply at 2-3.)
12         Defense counsel also argues that plaintiff has failed to demonstrate the existence
13 of a triable issue of fact with regard to his failure to protect claim.  Counsel notes that in his
14 opposition, plaintiff claims that one or two defendants injured him while the others watched.
15 However, counsel argues that plaintiff has no personal knowledge of what the defendants
16 observed during his arrest.  In this regard, counsel points out that plaintiff has testified that he
17 was physically unable to see what the defendants were doing when they allegedly attacked him
18 because he was face down in the street and his eyes had blood in them, thereby obscuring his
19 vision.  In addition, counsel contends that plaintiff has failed to offer any evidence which might
20 demonstrate a plausible factual basis for his failure to protect claim and that his conclusory
21 statements alone are insufficient to survive a motion summary judgment. (Defs.' Reply at 3-4.)

**ANALYSIS**

I. Plaintiff's Inadequate Medical Care Claims

         Before reaching the merits of plaintiff's inadequate medical care claims, the court
will address the proper legal standard to be applied in analyzing the pending motion.  As outlined
above, the court concludes that plaintiff's inadequate medical care claims are governed by the

Fourteenth Amendment and not the Eighth Amendment.  In this case, the defendants' alleged refusal to provide plaintiff with adequate medical care occurred during the course of plaintiff's arrest for a parole violation for which he had not yet been convicted or sentenced.  In this respect, plaintiff was a pretrial detainee and not a convicted prisoner at the time the alleged constitutional violations took place.  See Conn, 2010 WL 48649, at *11 (the Eighth Amendment protects prison inmates from the denial of medical care while the Fourteenth Amendment protects pretrial detainees); Dean v. City of Fresno, 546 F. Supp. 2d 798, 811 (E.D. Cal. 2008) ("Claims for failure to provide adequate care for serious medical needs, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under ths substantive due process clause of the Fourteenth Amendment rather than the Eighth Amendment.").  Accordingly, although the court may borrow from the reasoning set forth in decisions applying the Eighth Amendment to analyze plaintiff's claims of inadequate medical care, the Fourteenth Amendment governs plaintiff's claims in this regard.

Turning the merits of plaintiff's inadequate medical care claims, as a preliminary matter, the court finds that defendants Vu, Villegas, Sanchez, and Hansen have borne their initial responsibility of demonstrating that there is no genuine issue of material fact with respect to the adequacy of medical care they provided to plaintiff during the course of his arrest.  For example, defendants' evidence demonstrates that defendants did not observe that plaintiff had suffered any injury of any significance and did not perceive that plaintiff needed immediate emergency medical attention.  They also understood that plaintiff would be medically evaluated at the jail during the booking process.  (Defs.' Exs. C-F.)  Given this evidence, the burden shifts to plaintiff to establish the existence of a genuine issue of material fact with respect to both the objective and subjective components of his deliberate indifference claims.

On defendants' motion for summary judgment, the court is required to believe plaintiff's evidence and draw all reasonable inferences from the facts before the court in plaintiff's favor.  Drawing all reasonable inferences in plaintiff's favor, the court finds that

1  plaintiff has not submitted sufficient evidence to create a genuine issue of material fact.  To be
2  sure, plaintiff's evidence indicates that he had an objective, serious need for medical treatment.
3  See McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or
4  patient would find important and worthy of comment or treatment; the presence of a medical
5  condition that significantly affects an individual's daily activities; or the existence of chronic and
6  substantial pain are examples of indications that a prisoner has a 'serious' need for medical
7  treatment."); see also Canell v. Bradshaw, 840 F. Supp. 1382, 1393 (D. Or. 1993) (the Eighth
8  Amendment duty to provide medical care applies "to medical conditions that may result in pain
9  and suffering which serve no legitimate penological purpose.").  During the course of his arrest,
10 plaintiff sustained injuries to his back, hip, wrists, neck, and ankle and sustained lacerations and
11 road rash to his face.  (Pl.'s Dep. at 75-76, 88, 107-08.)  In addition, according to plaintiff, he still
12 suffers from chronic pain as a result of these injuries.  (Id. at 40.)  In this regard, defendants'
13 alleged refusal to take plaintiff to a hospital and to instead have him transported to the
14 Sacramento County Main Jail could have resulted in "further significant injury" or the
15 "unnecessary and wanton infliction of pain."  See, e.g., McGuckin, 974 F.2d at 1059-60.

16            However, even if plaintiff had an objective, serious need for medical treatment,
17 plaintiff's evidence does not demonstrate that defendants Vu, Villegas, Sanchez, and Hansen
18 responded to plaintiff's serious medical need with deliberate indifference.  See Farmer, 511 U.S.
19 at 834; Estelle, 429 U.S. at 106.  At most, the defendants delayed plaintiff's medical care by
20 thirty to forty minutes.  However, plaintiff has not submitted any evidence indicating in any way
21 that this brief delay exacerbated his alleged injuries or caused him further harm.  See Berry, 39
22 F.3d at 1057; McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt, 865 F.2d at 200;
23 Shapley, 766 F.2d at 407.  Cf. Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006)
24 ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of
25 fact because he has not shown that he has any medical training or expertise upon which to base
26 such an opinion.").  Nor has plaintiff submitted any evidence demonstrating that defendants'

decision to take him to the jail for booking and medical care as opposed to taking him to a hospital created a substantial risk of serious harm to plaintiff's health or was medically unacceptable under the circumstances. In fact, according to plaintiff's own testimony, he saw medical personnel at the jail the evening of his arrest during the booking process and again the following day during sick call. (Pl.'s Dep. at 106-09.) Plaintiff has submitted no evidence to indicate that he needed emergency medical attention or medical care sooner than he received it.

Accordingly, the court concludes that defendants Vu, Villegas, Sanchez, and Hansen are entitled to summary judgment in their favor with respect to plaintiff's Fourteenth Amendment inadequate medical care claims.

II. <u>Plaintiff's Failure to Protect or Failure to Intercede Claims</u>

Before reaching the merits of plaintiff's failure to protect or failure to intercede claims, the court will address the proper legal standard to be applied in analyzing the pending motion. As outlined above, the court concludes that plaintiff's failure to intercede claims are governed by the Fourth Amendment and not the Eighth Amendment or the Fourteenth Amendment. Specifically, plaintiff has alleged that the defendants failed to intervene when other officers used excessive force against him during the course of his arrest. As noted above, the Ninth Circuit has explained that, in such cases, "the constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." <u>Koon</u>, 34 F.3d at 1447. Where, as here, law enforcement officers allegedly engaged in excessive force against plaintiff in violation of his rights under the Fourth Amendment, defendants Vu, Villegas, Sanchez, and Hansen would also be responsible for violating plaintiff's rights under the Fourth Amendment if they had a "realistic opportunity" to intercede on his behalf to prevent the excessive use of force and failed to do so. See <u>Cunningham</u>, 229 F.3d at 1290.

Turning the merits of plaintiff's claim, the court finds that defendants Vu, Villegas, Sanchez, and Hansen have not met their initial burden of demonstrating the absence of a genuine issue of material fact. Although each defendant has submitted a declaration signed

under penalty of perjury in support of their pending motion for summary judgment, those declarations fail to address with any specificity the extent of each defendant's involvement, or lack thereof, in plaintiff's arrest. Rather, each of these defendants merely declares that "[d]uring the arrest, Plaintiff was taken to the ground so that we could gain control of Plaintiff and the firearm he was carrying." (Defs.' Exs. C-F.) None of these defendants address in their declarations whether they observed any other defendant use force against plaintiff, what the nature of that force was or whether they had a realistic opportunity to intercede on plaintiff's behalf in light of the events that transpired.

Moreover, even if the defendants had met their initial burden of demonstrating the absence of a genuine issue of material fact, the court here is required to believe plaintiff's evidence and draw all reasonable inferences from the evidence before the court in plaintiff's favor. Drawing such reasonable inferences in plaintiff's favor, the court finds that plaintiff has submitted sufficient evidence to create a genuine issue of material fact precluding summary judgment in favor of defendants with respect to this claim. Specifically, plaintiff has testified under penalty of perjury that the four defendants, as well as two defendant parole officers, circled him or enveloped him and that after subduing him and securing his weapon they allowed one or two of the other defendants to repeatedly attack him from behind. (Pl.'s Dep. at 38-39, 47-48, Pl'.s Decl. at ¶¶ 3, 6-7.) A jury could reasonably infer from the circumstantial evidence presented in this case that the defendants failed to intercede as other officers attacked plaintiff. See Santos v. Gates, 287 F.3d 846, 852 (9th Cir. 2002) ("Nowhere in our cases have we held that police misconduct may be proved only through direct evidence."); cf. Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir. 1986) ("While plaintiff could not specifically state whether defendants punched or kicked him . . . he did testify that they were among the five or six officers who were surrounding him while he was being beaten . . . ."), abrogated on other grounds by, Graham, 490 U.S. 386; Ting v. United States, 927 F.2d 1504, 1508 (9th Cir. 1991)

/////

(the fact that the plaintiff had no recollection of the shooting that caused his injuries did not entitle defendant to summary judgment with respect to his excessive force claims).[4]

Moreover, according to plaintiff's evidence adequate time passed between the alleged attacks to allow the defendants to laugh at him, threaten him and give each other high fives. (Pl.'s Dep. at 38-39, Pl.'s Decl. at ¶¶ 6-8, Am. Compl. at 17.) In this regard, plaintiff's evidence at the very least establishes a disputed issue of material fact with respect to whether the defendants had a "realistic opportunity" to intervene on his behalf between the alleged attacks. See Cunningham, 229 F.3d at 1289-90. See also Perkins v. Contra Costa County Sheriff's Dep't J-Team, No. C 07-02013 CW (PR), 2009 WL 688853, at *9 (N.D. Cal. Mar. 16, 2009) (police officer were not entitled to summary judgment on failure to intercede claim because the evidence before the court indicated that the timing of events was not so rapid and fluid so as to preclude him from interceding); Fuller v. Cantrell, No. C-03-5616 MMC (PR), 2005 WL 1787866, at *4 (N.D. Cal. July 27, 2005) (police officers were not entitled to summary judgment on failure to intercede claims because plaintiff testified under oath at deposition that there were "at least four" officers present during alleged excessive use of force). Accordingly, the court concludes that defendants Vu, Villegas, Sanchez, and Hansen are not entitled to summary judgment in their favor with respect to plaintiff's Fourth Amendment failure to protect or failure to intercede claims.

## CONCLUSION

IT IS HEREBY RECOMMENDED that defendants' July 15, 2009 motion for summary judgment (Doc. No. 121) be granted in part and denied in part as follows:

1. Defendants' motion for summary judgment with respect to plaintiff's Fourteenth Amendment inadequate medical care claims be granted; and

---

[4] Thus, in a somewhat similar case the Ninth Circuit reversed the granting of summary judgment in the defendants' favor, concluding that even where a plaintiff had no clear recollection of the precise acts that the defendants engaged in to cause his alleged injuries, his excessive use of force claim was not precluded as a matter of law. Santos, 287 F.3d at 851.

2. Defendants' motion for summary judgment with respect to plaintiff's Fourth Amendment failure to protect or failure to intercede claims be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
free0187.57city